United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-41506
Summary Calendar

MICHAEL P. FONTENOT,

Plaintiff-Appellant,

versus

LURENZA W. HUTCHISON, Correctional Officer III Michael Unit,
OLIN C. STATHAM, JR., Sergeant, Michael Unit;
GENE R. MARTIN, Captain, Michael Unit; STEVEN, Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-156
--------------------

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Michael P. Fontenot, Texas prisoner # 672107, appeals the jury verdict in favor of the defendants in his 42 U.S.C. § 1983 suit against correctional officers for a beating he allegedly received in violation of his civil rights. Fontenot's initial brief argued that he was denied due process at his disciplinary hearing because his counsel substitute did not have time to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

locate and interview witnesses and that his Fourteenth Amendment rights were violated at trial because no explanation was given for the unavailability of his witnesses. He also argued that the district court erred in refusing to find that the beating violated his rights. He further argued that the district court should have allowed discovery of the defendants' employment history and that he was denied effective assistance of counsel because he was not given funds for a medical expert or to take depositions.

After the initial briefs were filed, we granted Fontenot's motion for a transcript of the proceedings below at government expense and permitted Fontenot to file a supplemental brief addressing issues implicated by the transcript. Although Fontenot could not cite to the transcript in his original brief, since then the record has been transcribed and Fontenot has been afforded the opportunity to raise issues supported by the record. Fontenot did not include in his supplemental brief any reference to or support for the issues he raised in his original brief. Because Fontenot has not adequately briefed the issues he raised in his original brief, he has waived them. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The only issues Fontenot addresses in his supplemental brief are whether the district court erred in denying his motion in limine with regard to his numerous disciplinary cases and his and

his witness's convictions.  Because Fontenot objected to the admission of testimony regarding his prior disciplinary convictions, we review the denial of his motion in limine for abuse of discretion.  See United States v. Haese, 162 F.3d 359, 364 (5th Cir. 1998).  However, the district court sustained the objection, so Fontenot's argument is meritless.

Fontenot's attorney questioned him about his conviction, and, thus, any error was invited by defense counsel.  See United States v. Baytank (Houston), Inc., 934 F.2d 599, 606 (5th Cir. 1991).  Even applying plain-error review, the district court did not commit plain error in the admission of this testimony because the jury had been told during voir dire by defense counsel about Fontenot's conviction.  See United States v. Harrington, 82 F.3d 83, 90 (5th Cir. 1996).

Because Fontenot failed to object to the introduction of testimony that his witness had been convicted, we review the district court's admission of this evidence for plain error.  See United States v. Graves, 5 F.3d 1546, 1551 (5th Cir. 1993); FED. R. EVID. 103(d).  The district court did not plainly err in allowing the defendants' counsel to question Fontenot's witness on cross-examination about his conviction because that evidence was admissible under FED. R. EVID. 609(a).  See United States v. Box, 50 F.3d 345, 355 (5th Cir. 1995).  The district court's judgment is AFFIRMED.